Davis v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-431-CR

COURTLAND O. DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
st
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Courtland O. Davis appeals from his conviction for aggravated robbery.  In two points, appellant complains that the evidence is legally and factually insufficient to show that he committed the charged offense.  He also claims that the trial court erred by allowing the State to amend the indictment on the day of trial.  We will affirm.

In his first point, appellant contends that the evidence is legally and factually insufficient to sustain his conviction.  Although he was not charged as a party, appellant argues that the evidence merely shows that he participated as a party to the offense.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict  in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

When a defendant contests the identity element of the offense, we are mindful that identity may be proven by direct evidence, circumstantial evidence, or even inferences.
  Roberson v. State
, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd).  If there is no direct evidence of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the State to prove the identity of the accused.  
Clark v. State
, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.)
.  The sufficiency of the evidence is determined from the cumulative effect of all the evidence;  each fact in isolation need not establish the guilt of the accused.  
See Alexander v. State
, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987). 

After reviewing all of the evidence in this case, we hold that the evidence is both legally and factually sufficient to establish that appellant was Mrs. Payne’s assailant.  
Mr. Payne, the victim’s husband, witnessed the robbery and was able to provide police with a description of what the assailant was wearing.  He was not, however, able to see the assailant’s face.  Mr. Payne described the robber as wearing dark blue jogging pants with white stripes and a black shirt.  He also told police that the assailant had an accomplice with him at the time of the robbery.  Mr. Payne distinguished the assailant from his accomplice by stating that the accomplice was wearing a yellow shirt and had lighter skin.  Javier Contreras, an assistant manager of Carnival Food Store, also witnessed the robbery.  He told police that the assailant was wearing a hat, a dark blue or black shirt, and black pants.  
At the time of his arrest, appellant was wearing clothing similar to those described by the eyewitnesses.

There is nothing in the record to suggest that either eyewitness confused appellant’s clothing with those worn by his accomplice.  Further, 
there is absolutely no evidence in the record that disproves his involvement in the robbery.
(footnote: 2)  Therefore, we conclude that the evidence is both legally and factually sufficient to establish that appellant perpetrated this crime.  We overrule point one.  

In point two, appellant contends that the evidence is insufficient to demonstrate that he caused bodily injury to Mrs. Payne because he did not strike her.
  A person commits the offense of aggravated robbery if he intentionally or knowingly causes bodily injury to another in the course of committing theft, if the other person is sixty-five years of age or older.  
Tex. Penal Code Ann.
 § 29.03(a) (Vernon 2003). The penal code defines bodily injury as “physical pain, illness, or any impairment of physical condition.”  
Id
. § 1.07(a)(8).  This definition is “purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching.”  
Lane v. State
, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).  The Texas Court of Criminal Appeals has held that the evidence is sufficient to demonstrate bodily injury so long as the “violence” is clearly perpetrated against another “for the purpose of . . . preventing or overcoming resistance to theft.”  
Id
. at 787.  

Here, the evidence shows that Mrs. Payne’s injury was sustained due to her resistance against appellant’s attempt to take her purse and that appellant’s actions caused Mrs. Payne’s fall and injury.  Thus, the evidence is sufficient to satisfy the bodily injury requirement under the aggravated robbery statute.  
See
 
id. 
 Accordingly, we hold that the evidence is both legally and factually sufficient to show that appellant caused bodily injury to Mrs. Payne as is required by section 29.03(a) of the penal code.  
See 
Tex. Penal Code Ann.
 § 29.03(a)
.  Appellant’s second point is overruled.

In point three, appellant complains that the trial court abused its discretion in permitting the indictment to be amended on the day of trial.  The indictment, however, was amended the day before trial began.  Further, appellant agreed to the amendment and failed to object at trial.  Therefore, he has waived this complaint for our review.  
See 
Tex. R. App. P.
 33.1(a). 

Having overruled each of appellant’s points on appeal, we affirm the trial court’s judgment.  

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: July 10, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellant contends that 
Ward v. State
 requires us to reverse this case due to factual insufficiency of the evidence.  48 S.W.3d 383, 390-91 (Tex. App.—Waco 2001, pet. ref’d).  However, in 
Ward
, the eyewitness testimony was outweighed by evidence that tended to disprove the defendant’s involvement in the robbery.  
Id
.  Here, there is no such evidence.